UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN H. WHITE,

                          Plaintiff,

v.                                                    9:13-CV-392
                                                                  (GTS/CFH)

DAVID ROCK, Superintendent; DONALD UHLER,
Dep. of Security; MICHAEL LIRA, Dep. of
Programs; RAYMOND DRAKE; JON OROPALLO;
ELIZABETH WHITE; and AMBER LASHWAY,
Nurse;

                        Defendants.
_____

APPEARANCES:                                           OF COUNSEL:

JOHN H. WHITE, 08-A-3366
  Plaintiff, *Pro Se*
Southport Correctional Facility
P.O. Box 2000
Pine City, New York 14871

HON. ERIC T. SCHNEIDERMAN                  LOIS JIM, ESQ.
Attorney General for the State of New York       Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

       Currently before the Court, in this *pro se* prisoner civil rights action filed by John H.

White ("Plaintiff") against the seven above-captioned employees of the New York State

Department of Corrections and Community Supervision ("Defendants") pursuant to 42 U.S.C. §

1983, are the following: (1) Defendants' motion for summary judgment; (2) United States

Magistrate Judge Christian F. Hummel's Report-Recommendation recommending that

Defendants' motion be granted in part and denied in part; and (3) Plaintiff's Objections to the Report-Recommendation. (Dkt. Nos. 139, 186, 189.) For the reasons set forth below, Magistrate Judge Hummel's Report-Recommendation is accepted and adopted in its entirety; all of the claims asserted in Plaintiff's Complaint are dismissed except for his Eighth Amendment excessive force claim against Defendant Drake, which survives Defendants' motion.

I.   **RELEVANT BACKGROUND**

   A.   **Magistrate Judge Hummel's Report-Recommendation**

Generally, in his Report-Recommendation, Magistrate Judge Hummel rendered the following recommendations: (1) that Plaintiff's claims for monetary damages against Defendants in their official capacities be dismissed pursuant to the Eleventh Amendment; (2) that Plaintiff's Eighth Amendment excessive force claim against Defendant Drake survive Defendants' motion due to a genuine dispute of material fact as to both the objective and subjective prongs of the standard governing that claim; (3) that Plaintiff's Eighth Amendment deliberate indifference claim be dismissed based on his failure to adduce admissible record evidence establishing either the objective or subjective prongs of the standard governing that claim; (4) that Plaintiff's supervisory-liability claims be dismissed based on his failure to adduce admissible record evidence establishing the supervisory Defendants personal involvement in the Eighth Amendment deliberate indifference violation alleged; (5) that Plaintiff's state law claims be dismissed as not actionable under 42 U.S.C. § 1983 and/or as barred by New York Correctional Law § 24(1); and (6) that, in the alternative, Plaintiff's claims against Defendants Rock, Uhler, Lira, Oropallo, White, and Lashway be dismissed because, based on the current record, they are protected from liability as a matter of law based on the doctrine of qualified immunity. (Dkt. No. 186, Part II.)

### B. Plaintiff's Objections to the Report-Recommendation

Generally, in his Objections, Plaintiff argues that the Court should reject the Report-Recommendation for the following reasons: (1) Magistrate Judge Hummel erroneously found that Plaintiff provoked Defendant Drake; (2) by refusing to comply with Plaintiff's request to contact the medical staff to treat Plaintiff's injuries, Defendant Drake not only failed to perform his professional duties but interfered with his medical treatment; (3) Defendant Drakes statement to Plaintiff following the attack (i.e., that he kicked the door which struck Plaintiff's head "Because I can") further demonstrates Drake's professional misconduct; (4) by refusing to comply with Plaintiff's request to contact the medical staff to treat Plaintiff's injuries, Defendant Drake similarly interfered with his medical treatment; (5) by failing to document Plaintiff's injuries and failing to arrive at Plaintiff's cell in a timely fashion, Defendant White not only failed to perform his professional duties but interfered with his medical treatment; (6) by failing to arrive at Plaintiff's cell in a timely fashion, Defendant Oropallo not only failed to perform his professional duties but interfered with his medical treatment; (7) Magistrate Judge Hummel improperly overlooked all of the shortcomings of Defendants' motion, improperly considered the video evidence belatedly provided by Defendants, and improperly failed to sanction Defendants for spoliation of evidence; and (8) Defendants' colleagues have improperly confiscated Plaintiff's records, and the Court has improperly let that confiscation occur. (*See generally* Dkt. No. 189.)

## II. STANDARD OF REVIEW

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection

must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[4]

---

[3] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[4] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III. ANALYSIS

After carefully reviewing the relevant papers herein, including Magistrate Judge Hummel's thorough Report-Recommendation, the Court can find no error in those parts of the Report-Recommendation to which Plaintiff specifically objected, and no clear error in the remaining parts of the Report-Recommendation: Magistrate Judge Hummel employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein. To those reasons, the Court adds the following three points.

First, Plaintiff's objections to the Report-Recommendation (described above in Part I.B. of this Decision and Order) consist largely if not exclusively of reiterations of arguments previously asserted in his opposition memorandum of law. (*Compare* Dkt. No. 189 at 2-8 [Plf.'s Obj.] *with* Dkt. No. 164 [Plf.'s Opp'n Memo. of Law at Point III with regard to Plf.'s Eighth Amendment claim] *and* Dkt. Nos. 170, 178 [Plf.'s Suppl. Opp'n Memo of Law with regard to professional violations].) As a result, most if not all of the "challenged" portions of the Report-Recommendation are entitled to only a clear-error review, which they easily survives. The remainder of the challenged portions of the Report-Recommendation survive a *de novo* review for the reasons stated by Defendants and Magistrate Judge Hummel.

Second, the Court notes that Plaintiff's argument that corrections officers failed to properly preserve video evidence appears to have been rejected by the Court in its Decision and Order of January 24, 2014. (Dkt. No. 42 at Part III.C.10.a.) Moreover, an alternative reason for

6

rejecting Plaintiff's discovery argument (*see* note 13 of Dkt. No. 186) is that he has not satisfied the requirements of a request made pursuant to Fed. R. Civ. P. 56(d). Cornell v. Kapral, 09-CV-0387, 2011 WL 94063, at *4 & n.2 (N.D.N.Y. Jan. 11, 2011) (Suddaby, J.), *aff'd*, 483 F. App'x 590, 591-92 (2d Cir. 2012).

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Hummel's Report-Recommendation (Dkt. No. 186) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 139) is **GRANTED in part** and **DENIED in part** such that all of the claims asserted in Plaintiff's Complaint (Dkt. No. 1) are **DISMISSED except** for Plaintiff's Eighth Amendment excessive force claim asserted against Defendant Drake, which **SURVIVES** Defendants' motion; and it is further

**ORDERED** that Pro Bono Counsel be appointed for Plaintiff for purposes of trial only (and not for any appeal) and that, upon assignment of Pro Bono Counsel, a final pretrial conference with counsel be scheduled, at which counsel for both parties shall appear with settlement authority.

Dated: March 29, 2016
      Syracuse, New York

HON. GLENN T. SUDDABY
Chief United States District Judge